IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| TRACY HARRIS, #1848493 | § | |
| VS. | § | CIVIL ACTION NO. 6:17cv529 |
| DIRECTOR, TDCJ-CID | § | |

## ORDER OF DISMISSAL

Petitioner Tracy Harris, an inmate confined in the Texas prison system, proceeding *pro se*, brings the above-styled and numbered petition for a writ of habeas corpus challenging his Smith County convictions for the manufacture or delivery of between four and two hundred grams of cocaine in a drug free zone and tampering with physical evidence. The petition was referred to United States Magistrate Judge John D. Love, who issued a Report and Recommendation (Dkt. #11) concluding that the petition should be dismissed as time-barred in light of the one-year statute of limitations. Mr. Harris has filed objections (Dkt. #13).

The history of this case reveals that Mr. Harris' convictions were affirmed. *Harris v. State*, Nos. 12-13-00116-CR, 12-13-00117-CR, 2014 WL 806343 (Tex. App. - Tyler Feb. 28, 2014, pet. ref'd). The Texas Court of Criminal Appeals refused his petition for discretionary review on August 20, 2014. He did not file a petition for a writ of certiorari. The present petition was not filed until September 14, 2017.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one year statute of limitations for habeas cases filed by inmates. 28 U.S.C. § 2244(d)(1). AEPDA

1

provides that the one year limitations period shall run from the latest of four possible situations. Section 2244(d)(1)(A) specifies that the limitations period shall run from the date a judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review. Section 2244(d)(1)(B) specifies that the limitations period shall run from the date an impediment to filing created by the State is removed. Section 2244(d)(1)(C) specifies that the limitations period shall run from the date in which a constitutional right has been initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Section 2244(d)(1)(D) states that the limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Section 2244(d)(2) also provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.

In the present case, Mr. Harris is challenging his convictions. The appropriate limitations provision is § 2244(d)(1)(A), which states that the statute of limitations started running when his convictions became final. The Texas Court of Criminal Appeals refused his petition for discretionary review on August 20, 2014. Mr. Harris did not file a petition for a writ of certiorari. In interpreting § 2244(d)(1)(A) in light of Supreme Court rules, the Fifth Circuit concluded that a State conviction "becomes final upon direct review, which occurs upon denial of certiorari by the Supreme Court or expiration of the period for seeking certiorari." *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). Under Rule 13.1 of the Supreme Court Rules, Mr. Harris had ninety days from the refusal of his petition for discretionary review to file a petition for a writ of certiorari.

2

*See also Caspari v. Bohlen*, 510 U.S. 383, 390 (1994). The Fifth Circuit has thus held that a conviction is final for purposes of habeas corpus review ninety days after the Texas Court of Criminal Appeals denies a petition for discretionary review and the defendant does not seek review in the United States Supreme Court. *Foreman v. Dretke*, 383 F.3d 336, 340 (5th Cir. 2004). The Texas Court of Criminal Appeals refused Mr. Harris' petition for discretionary review on August 20, 2014. The convictions became final ninety days later on November 18, 2014. The present petition was due no later than November 18, 2015, in the absence of tolling provisions. It was not filed until September 14, 2017.

Mr. Harris states that he filed post-conviction applications for a writ of habeas corpus in State court challenging the convictions on July 10, 2017. By then, the present petition was already time-barred by almost twenty months. The pendency of the State applications did not effectively toll the deadline. Mr. Harris has not shown that any other statutory provisions save his petition.

Mr. Harris' objections initially focus on 28 U.S.C. § 2254(d)(1), which concerns the deference that must be given to State court decisions issued on the merits. The issue of whether deference should be given to the State court decision issued in this case is not before the court; instead, the issue is whether the petition is time-barred without consideration of the merits.

Mr. Harris goes on to argue that his case involves extraordinary circumstances. Presumably, he is invoking equitable tolling. The United States Supreme Court held that AEDPA's one-year statute of limitations may be tolled for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 645, 130 S. Ct. 2549, 2561 (2010). A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

3

circumstances stood in his way and prevented timely filing. *Id.* at 649, 130 S. Ct. at 2562. Mr. Harris does nothing more than to say his case involves extraordinary circumstances. He did not develop the argument. He has not shown that some extraordinary circumstances stood in his way and prevented timely filing. Moreover, he did not address the issue of whether he has been pursuing his rights diligently. He has not shown that he is entitled to equitable tolling.

Mr. Harris finally argues that he should be permitted to proceed with his claims because he is actually innocent of the crimes. The Supreme Court found that a claim of actual innocence serves as a "gateway" through which a petitioner may pass with respect to a petition that would otherwise be dismissed as time-barred. *McQuiggin v. Perkins*, 569 U.S. 383, ___, 133 S. Ct. 1924, 1928 (2013). Claims of actual innocence must be based on new, reliable evidence establishing that, "in light of the new evidence, no juror, acting reasonably, would have voted to find [the petitioner] guilty beyond a reasonable doubt." *Id*. Mr. Harris has not made the requisite showing; instead, he simply mentions actual innocence without developing the argument. He has offered nothing other than conclusory allegations and bald assertions, which are insufficient to support a petition for a writ of habeas corpus. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990); *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).

The Report of the Magistrate Judge, which contains his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Mr. Harris to the Report, the court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and Mr. Harris'

objections are without merit. Therefore, the court adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the court. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice as time-barred. A certificate of appealability is **DENIED**. All motions not previously ruled on are **DENIED**.

**So Ordered and Signed**
**Jan 25, 2018**

_____
Ron Clark, United States District Judge

5